UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | LA CV 15-7168 JCG | Date | January 16, 2018 |
|---|---|---|---|
| Title | *Michelle Everett v. Nancy A. Berryhill* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:    Attorneys Present for Respondent:

None Appearing                             None Appearing

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Pending before the Court is Michelle Everett ("Plaintiff")'s counsel Andrew Koenig ("Counsel")'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), and Nancy A. Berryhill ("Defendant")'s[1] response. [*See* Dkt. Nos. 19, 22.]

For the reasons stated below, the Court **GRANTS** Counsel's Motion.

In short, this Motion arises from a social security action challenging Defendant's decision to deny Plaintiff's application for disability benefits. [*See* Dkt. No. 1.] On February 8, 2016, the Court remanded this matter for further administrative proceedings. [Dkt. Nos. 13-14.] After remand, Plaintiff was awarded $56,572.60 in retroactive benefits. (Mot. at 6, Attachment A.)

Now, Counsel requests a total of $14,143.15 in attorney's fees under § 406(b). (*Id.* at 5.) This sum covers 30.6 attorney hours. (*Id.* at 4.)

Under § 406(b), the Court may grant a reasonable fee to a disability claimant's attorney, provided that it does not exceed 25 percent of the total award. 42 U.S.C. § 406(b)(1)(A).

Seven reasons suggest that Counsel's request is, in fact, reasonable.
First, and foremost, the Court notes that Plaintiff agreed, *in writing*, to Counsel receiving 25 percent of her award.[2] (Mot. at 6, Attachment B.) Through Counsel's

---

[1]    Nancy A. Berryhill is substituted as the proper Defendant herein. *See* Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-7168 JCG | Date | January 16, 2018 |
|---|---|---|---|
| Title | *Michelle Everett v. Nancy A. Berryhill* | | |

efforts, Plaintiff was ultimately awarded $56,572.60 in retroactive benefits. (*See id.*, Attachment A.) Therefore, by contract, Counsel is entitled to $14,143.15 of the retroactive benefits.

Notably, in *Gisbrecht v. Barnhart*, the Supreme Court explained that § 406(b) is meant "to control, not to displace" contingent fee agreements. 535 U.S. 789, 793 (2002). While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingency agreements are "*the primary means by which fees are set*" for the successful representation of disability claimants. *Id.* at 807 (emphasis added).

Second, the Court recognizes that Counsel obtained a favorable result for Plaintiff (*i.e.*, remand for further administrative proceedings, and the ultimate award of retroactive benefits).

Third, the time expended by Counsel in this case, 30.6 hours, falls within the acceptable range. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases supporting a "twenty to forty hour benchmark" for social security fee awards) (citation omitted).

Fourth, Counsel's effective hourly rate of $462.19 is reasonable. (Mot. at 4); *see, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1169-71 (C.D. Cal. 2006) (reviewing cases approving awards at rates of up to $982.00 per hour); *Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000.00 per hour).

Fifth, Defendant does not allege that Counsel was responsible for any delays, or that the quality of the representation was substandard. *See Gisbrecht*, 535 U.S. at 808 (holding that a reduction of fees may be appropriate if there were any delays or if the representation was substandard).

---

[2] Without belaboring the obvious, it should also be noted that Counsel assumed the risk of nonpayment and would receive 25 percent fee only if Plaintiff received benefits by a decision of the Social Security Administration or by judgment of this Court. *See Hardin v. Astrue*, 2009 WL 1808462, at *2 (C.D. Cal. June 23, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-7168 JCG | Date | January 16, 2018 |
|---|---|---|---|
| Title | *Michelle Everett v. Nancy A. Berryhill* | | |

Sixth, nothing in the record suggests that there was any overreaching or impropriety in the creation of the fee agreement, or in Counsel representing Plaintiff before this Court.

Seventh, Plaintiff had the opportunity to oppose Counsel's Motion, but chose not to do so.

Thus, based on the above, the Court finds that the requested fees are not so inordinately large as to represent a windfall for Counsel. Moreover, the Court finds no reason to conclude that Counsel's fees are unreasonable.

Accordingly, IT IS ORDERED THAT:

1. Counsel's Motion, [Dkt. No. 19], is **GRANTED**.

2. Judgment shall be entered awarding attorney's fees in the amount of $14,143.15. In light of the previous payment of EAJA fees, Counsel shall reimburse Plaintiff in the amount of $5,100.00.

Pursuant to Local Rule 58-6, the Court **ORDERS** that this Order shall constitute entry of judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*It is so ordered.*

cc: Parties of Record

|  | 00 : 00 |
|---|---|
| Initials of Clerk | kh |